UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GALE CAMPBELL AND KEVIN CAMPBELL | CIVIL ACTION NO. 6:12-cv-01251 |
| VERSUS | JUDGE HAIK |
| GECOS G.M.B.H. | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

In their complaint, the plaintiffs allege that this Court has jurisdiction, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. The undersigned has reviewed the pleadings and has determined that the requirements for diversity jurisdiction are not satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiffs must bear that burden.

**A.    DIVERSITY OF CITIZENSHIP**

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2]  The plaintiffs allege that they are residents of Louisiana. This is insufficient to establish their citizenship, since the citizenship of a natural person is determined by the state in which the person is domiciled, and domicile is a combination of

---

[1]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2]    *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

both a person's residence and his intent to remain there permanently.[3] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[4] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[5] For that reason, the undersigned will accept that the plaintiffs are Louisiana citizens if there is no objection from the defendants.

The only defendant named in the suit is GECOS G.M.B.H., which is alleged to be an Austrian company. The plaintiffs do not allege that the defendant is an Austrian corporation. A corporation incorporated in a foreign nation is a citizen of that nation for purposes of diversity jurisdiction.[6] But the plaintiffs have not established that the defendant is a corporation or any other form of juridical person recognized by Austria or any other foreign country. Accordingly, the undersigned cannot determine whether the parties are diverse in citizenship.

---

[3] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[4] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[5] *Hollinger*, 654 F.3d at 571.

[6] *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 544 n. 12 (5th Cir. 1997), citing *National S.S. Co. v. Tugman*, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1882), and *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352 (5th Cir. 1985).

### B. THE AMOUNT IN CONTROVERSY

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim is apparently made in good faith.[7] In a case in which the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[8] To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[9]

In this case, the plaintiffs do not seek to recover any damages at all. Their complaint is, in essence, a petition for declaratory judgment. In actions seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation.[10] In this case, the undersigned finds that the jurisdictional amount is not "facially apparent" from the complaint because the facts alleged in the complaint are insufficient for the undersigned to

---

[7] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[8] *St. Paul Reinsurance*, 134 F.3d at 1253.

[9] *St. Paul Reinsurance*, 134 F.3d at 1253.

[10] *Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009), citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

determine the value of the object of the litigation.  When the amount in controversy is not facially apparent, it must be proven by a preponderance of the evidence.[11]

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum.  These facts should be supported with summary-judgment-type evidence.  The defendants will then be allowed seven days to respond to the removing defendants' submission.

Signed at Lafayette, Louisiana, this 23rd day of August 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).