UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GALE CAMPBELL AND KEVIN CAMPBELL | CIVIL ACTION NO. 6:12-cv-01251 |
| VERSUS | JUDGE HAIK |
| GECOS G.M.B.H. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the Court is the plaintiffs' motion to strike and for protective order (Rec. Doc. 18, as amended by Rec. Doc. 32). The motion is opposed. Oral argument was held on September 25, 2012. After review of the pleadings, the relevant jurisprudence, and the arguments advanced by counsel at the hearing on the motion, and for the reasons explained in open court, the motion is granted in part and denied in part as moot.

### BACKGROUND

This lawsuit seeks the dissolution and liquidation of a limited liability company called The Live Oak Group, LLC. Plaintiff Gale Campbell owns 35% of the company; plaintiff Kevin Campbell owns 15%; and the remaining 50% is owned by defendant GECOS G.M.B.H. The company is in the business of providing chemical

tank cleaning and bioremediation. The company has developed certain intellectual property, the ownership and/or licensing of which is at issue in this lawsuit.

## ANALYSIS

The pending motion has two parts. First, the plaintiffs seek to strike the defendant's discovery requests that were issued before a scheduling order was issued. That issue is moot because a scheduling order (Rec. Doc. 20) was issued on August 20, 2012.

Second, the defendant issued document requests to several third parties, and the plaintiffs seek to quash the subpoenas or obtain a protective order for "sensitive and protected formulas, chemical compounds, ingredients and testing data on the products of both The Live Oak Group, LLC as well as the new products created by the Campbells." (Rec. Doc. 18 at 4). At the hearing, counsel indicated that they have attempted to fashion a protective order but disagree as to the scope of the protections to be included in the order. The plaintiffs identified two ways in which they would like for the discovery to third parties to be limited. First, the plaintiffs would like to protect from discovery any proprietary formulas or products produced by Live Oak after May 16, 2012, the date on which this lawsuit was filed. Second, the plaintiffs would like to protect from discovery any proprietary formulas or products created by

a new company formed by the plaintiffs. GECOS argued that it is entitled to all intellectual property developed by Live Oak and/or the plaintiffs that it paid for and identified concerns about non-compete provisions in the operating agreement and in the mediation agreement.

The undersigned finds that the plaintiffs have standing to object to the discovery propounded by GECOS to third parties or, alternatively, to seek a protective order limiting the discovery or protecting from disclosure the responses to the discovery as they have a proprietary interest in that which is being produced. A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.[1] Therefore, a motion to quash or a motion for protective order should generally be filed by the person from whom the documents or things are requested.[2] If, however, the discovery requests to the third-party concern a party's personal

---

[1] *Keybank Nat'l Assoc. v. Perkins Rowe Associates,* L.L.C., 2011 WL 338470, *2 (M.D. La. 2011); *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *3 (E.D. La. 2008). See *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *Weatherly v. State Farm Fire & Cas. Ins. Co*., 2009 WL 1507353, *2 (E.D. La. 2009) (stating that a party has standing to object to a subpoena directed to a nonparty if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it); *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, *1 (M.D. La. 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Terwillegar v. Offshore Energy Servs., Inc.,* 2008 WL 2277879, *1 (E.D. La. 2008) (same).

[2] *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *3, citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995).

interest, it is proper for the party to file such a motion. Thus, if the discovery requests seek information that may have been sent by or for the party, the party has a right to challenge the discovery.[3] A party may not, however, challenge a subpoena directed to a third party on the grounds that the information sought is irrelevant or imposes an undue burden.[4] The discovery requests that are the subject of the instant motion have to do with intellectual property that was developed by Live Oak and/or the plaintiffs. Accordingly, the plaintiffs have standing to object to the discovery requests propounded by GECOS on third parties regarding that intellectual property.

With regard to the scope of the discovery, the standard to be applied is found in Rule 26(b)(1), which states that parties may obtain discovery regarding any nonprivileged matter that is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. The undersigned finds that the discovery sought by GECOS satisfies that standard. Accordingly,

IT IS ORDERED that the plaintiffs' motion (Rec. Doc. 18 as amended by Rec. Doc. 32) is GRANTED IN PART and DENIED IN PART.

---

[3] *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *3.

[4] *Keybank v. Perkins Rowe*, 2011 WL 338470 at *2.

More particularly,

IT IS ORDERED that the motion is DENIED AS MOOT to the extent that it seeks to strike discovery requests propounded prior to the issuance of a scheduling order in this action.

IT IS FURTHER ORDERED that the motion is GRANTED to the extent that GECOS's counsel is entitled to propound discovery to third parties seeking information regarding the formulas, products, and intellectual property developed by Live Oak and by the plaintiffs, individually or on behalf of other companies. However, because this lawsuit centers on the issue of whether GECOS is entitled to ownership or licensing of all or a part of that intellectual property,

IT IS FURTHER ORDERED that GECOS's counsel shall not disclose to GECOS the content of the intellectual property obtained through this discovery and shall appropriately protect Live Oak's and/or the plaintiffs' proprietary interests in the intellectual property until the issues of licensing and/or ownership are resolved in this litigation.

IT IS FURTHER ORDERED that GECOS's counsel shall draft a protective order commensurate with this order and submit it to the Court for approval via e-mail to hanna_orders@lawd.uscourts.gov in either Word or WordPerfect format. The undersigned will review the proposed protective order, then a telephone conference

with counsel will be set so that the proposed protective order and any proposed changes thereto can be discussed.

    IT IS FURTHER ORDERED that, in all other respects, the motion is DENIED.

    Signed at Lafayette, Louisiana, this 26th day of September 2012.

                                       PATRICK J. HANNA
                                       UNITED STATES MAGISTRATE JUDGE